Perry *v.* Civil Service Commission, Appellant.

Argued April 27, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument quashed June 30, 1961.

*Levy Anderson,* First Deputy City Solicitor, with him *Matthew W. Bullock, Jr.,* Assistant City Solicitor,

*James L. Stern,* Deputy City Solicitor, and *David Berger,* City Solicitor, for appellants.

*Samuel C. Tabbey* and *Ray E. Machen,* with them *Bernard J. Lemisch,* for appellees.

OPINION BY MR. JUSTICE COHEN, May 22, 1961:

The Civil Service Commission affirmed the dismissal by the Police Commissioner of appellees, two police officers, upon a finding that, among other things, they did obstruct and hamper an official police inquiry by refusing to answer proper questions put to them by their superiors. This behavior, the Civil Service Commission found, constituted conduct unbecoming an officer, insubordination and a violation of Section 10-110 of the Philadelphia Home Rule Charter concerning a refusal to answer proper questions in the course of an official police inquiry. An appeal was taken to the court of common pleas pursuant to Section 7-201 of the Philadelphia Home Rule Charter which provides in part, "Findings and decisions of the Commission and any action taken in conformance therewith as a result thereof shall be final and there shall be no further appeal on the merits, but there may be an appeal to the courts on jurisdictional or procedural grounds." See *Addison Case,* 385 Pa. 48, 122 A. 2d 272 (1956).

The lower court determined that it was "reversible procedural error" for the Civil Service Commission to have entertained this case since a hearing was not held by the Police Board of Inquiry. Accordingly, it reversed the action of the Civil Service Commission and remanded the matter with instructions that the Commission should order the Police Commissioner to convene a Police Board of Inquiry to hear and determine the charges against appellants.

The ruling of the court of common pleas was improper since the Commission has no power to compel

the Police Commissioner to convene a Police Board of Inquiry. The Police Board of Inquiry, an informal tribunal consisting of members of the Police Department, is an administrative device not provided for by civil service regulations, statute, ordinance or charter provision. The Board has no other function than, when convened by the Police Commissioner, to aid him by making findings and recommendations in disciplinary cases. He has no legal obligation to use the Board or continue its existence and, even if he does use it, he is not obligated to follow its recommendations.

Despite both the Civil Service Commission's assertion that the Police Board of Inquiry was available and constituted a perfect tool for assuring the Police Commissioner that he was acting properly, and the Commission's suggestion that a Police Board of Inquiry or equivalent procedures be invoked in all future police disciplinary cases, it was nevertheless solely within the discretion of the Police Commissioner to determine whether he would avail himself of the services of the Police Board of Inquiry. This determination is not reviewable by the courts.

Since the lack of a hearing before the Police Board of Inquiry is the only "jurisdictional or procedural grounds" upon which the court based its decision, the court below erred in reversing the decision of the Civil Service Commission which we hereby reinstate.

Order reversed.